[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11870
Non-Argument Calendar

_____

Agency No. A088-613-876

GAVINO HUNIL VAIL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 18, 2009)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Gavino Hunil Vail, a Guatemalan citizen proceeding pro se, seeks review of

the denial of his claims for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231, and relief under the Convention Against Torture (CAT), 8 C.F.R. § 208.16(c). The Immigration Judge (IJ) denied Vail's request for asylum as time-barred, and denied his request for withholding of removal based primarily on an adverse credibility determination. The Board of Immigration Appeals (BIA) affirmed. Vail contends that the IJ and BIA erred by denying his application for asylum and withholding of removal, because a single encounter with unknown, masked men who robbed Vail and his father amounted to past persecution.[1]

Because the BIA expressly adopted the IJ's reasoning and added its own analysis, we will review both of their decisions. See Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009) (citation omitted).

An alien cannot apply for asylum unless he demonstrates "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Section 1158(a)(3) provides: "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." Id. § 1158(a)(3). That provision

---

[1] Vail challenged the denial of his request for CAT relief before the BIA but does not challenge it before this Court. We therefore deem that claim to be abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that an appellant's failure to offer argument on an issue constitutes abandonment of that issue).

2

"divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (quoting Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003)). Because we have no jurisdiction to review the denial of Vail's request for asylum as time-barred, we dismiss Vail's petition as to his asylum claim.

We do have jurisdiction over Vail's claim that he qualified for withholding of removal. Vail shall not be removed to Guatemala if doing so would threaten his life or freedom on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Vail bears the burden of demonstrating that it is "more likely than not" he will be "persecuted or tortured upon being returned." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). To meet that burden, he must offer "credible, direct, and specific evidence in the record." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (quotation marks and citation omitted).

We review the IJ's and BIA's factual findings under the highly deferential substantial evidence test, under which we must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283–84 (citations and quotation

3

marks omitted). We cannot reverse those findings unless the record compels it. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

The IJ's adverse credibility determination was due to several discrepancies in the record, including: (1) Vail's first asylum application did not mention any specific incidents that occurred in Guatemala, or his uncle's assassination in 1980; (2) Vail testified that he filed his application so he could renew his driver's license; (3) The basis of Vail's first application was persecution for his political opinion, but Vail's second application was based on different grounds; (4) Vail testified inconsistently regarding the year of his uncle's death and the year in which Vail and his father were robbed by unknown men.

We have held that "an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue, 401 F.3d at 1287. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. Vail has failed to meet that burden. His brief asserts that the IJ made a mistake, but it does not specifically challenge the credibility finding. "While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). In any event, the IJ gave specific, cogent reasons for her

4

credibility determination, which is supported by substantial evidence. Thus, Vail's testimony cannot establish that he would likely be persecuted or tortured upon being returned to Guatemala.

Although "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant," Forgue, 401 F.3d at 1287, Vail has not produced any corroborating evidence that compels us to reverse the IJ's findings. Vail submitted a copy of his uncle's death certificate, but the document does not say how Vail's uncle was killed or that he was assassinated for political reasons. As the IJ noted, the alleged assassination occurred approximately 15 years before Vail initially left Guatemala in 1995. Vail also submitted the 2007 Country Report on Guatemala, but that document does not show that Vail was targeted for discrimination because he is Mayan.

Because substantial evidence supports the IJ's and BIA's denial of Vail's application for withholding of removal, we deny the petition for review as it pertains to withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART.**

5